**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HERMAN LEWIS BILLUPS,
*Defendant-Appellant.*

No. 01-4100

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HERMAN LEWIS BILLUPS,
*Defendant-Appellant.*

No. 01-4713

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHRISTOPHER LEE DAVIS,
*Defendant-Appellant.*

No. 01-4738

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin and Robert C. Chambers, District Judges.
(CR-00-59, CR-01-45)

Submitted: June 6, 2002

Decided: July 1, 2002

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Marc L. Resnick, Washington, D.C., Mark F. Underwood, UNDER-WOOD LAW OFFICE, INC., Huntington, West Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa A. Green, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

### OPINION

PER CURIAM:

Herman Lewis Billups pleaded guilty to conspiring to distribute cocaine base and being a felon in possession of a firearm, for which he received a life sentence. *See* 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001); 18 U.S.C.A. § 922(g)(1) (West 2000). A jury subsequently convicted Billups of retaliating against a witness, in violation of 18 U.S.C.A. § 1513(b)(2) (West 2000). The jury also convicted Christopher Davis of aiding and abetting that retaliation, in violation of 18 U.S.C.A. §§ 1513(b)(2) and 2 (West 2000). Billups appeals his sentence for his conspiracy conviction, arguing the district court erred in applying a sentencing enhancement for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000). Billups and Davis also challenge the sufficiency of the evidence to support their convictions under § 1513(b). For the following reasons, we affirm.

We find no error in the district court's application of an enhancement for obstruction of justice in computing Billups's sentence for conspiring to distribute cocaine base. This court reviews sentencing determinations de novo and the underlying factual determinations for

clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). At Billups's sentencing hearing, two witnesses testified that Billups repeatedly threatened a former co-conspirator while they were housed together at the South Central Regional Jail (SCRJ). The second witness, Clarence Woolfolk, also testified that Billups and Davis assaulted him at the SCRJ after he was identified as a future witness against Billups. Because an obstruction of justice enhancement may be applied based on threats or intimidation of a co-defendant or witness, whether direct or indirect, *see* § 3C1.1, comment. (n.4(a)), we find no error in the application of this enhancement to Billups's sentence in appeal No. 01-4100.

Furthermore, our review of the trial transcript from Billups's and Davis's trial for their assault on Woolfolk indicates that there is sufficient evidence to support their convictions. Several witnesses testified that both Billups and Davis struck Woolfolk. An SCRJ inmate also testified that he saw Billups and Davis engage in a brief conversation before attacking Woolfolk, just moments after Billups said: "There's the snitch and he's going to get his." We find that this testimony provides proof beyond a reasonable doubt that Davis aided Billups in knowingly causing physical injury to Woolfolk in retaliation for Woolfolk's testimony against Billups. *See United States v. Cofield*, 11 F.3d 413, 419 (4th Cir. 1993) (providing elements of a charge under § 1513(b)).

Accordingly, we affirm Billups's sentence in No. 01-4100, as well as Billups's and Davis's convictions in No. 01-4713 and No. 01-4738, respectively. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*